# Appeal of John Yonkin, 2d.

Under the act of May 19, 1874, § 16 (P. L. 212), the supreme court has no power in contested elections of county officers to review the facts on a certiorari.

(Argued March 15, 1888. Decided April 23, 1888.)

January Term, 1888, No. 14, E. D., before Gordon, Ch. J., Paxson, Sterrett, Green, Clark, and Williams, JJ. Certiorari sur appeal from a judgment of the Quarter Sessions of Sullivan County in the matter of the election of associate judge, December session, 1886, No. 3. Appeal quashed.

November 30, 1886, the petition of E. A. Strong and others was presented to the quarter sessions contesting the election of John Yonkin, 2d, to the office of associate judge of Sullivan county. The petition set forth that the votes of Laporte township were received outside the township and were not legal.

The court, after taking testimony, rejected the vote of Laporte township and entered a decree declaring E. A. Strong to have been elected instead of John Yonkin, 2d.

Yonkin thereupon took this writ, assigning as error the above action of the court.

Ellery P. Ingham and E. M. Dunham for appellant.

Rodney A. Mercur and Rush J. Thomson, for appellee.—The act May 19, 1874, § 16, P. L. 212, provides that cases of the fourth class (county and township officers) shall be tried and

Note.—The appellate court has jurisdiction to review proceedings in contested election cases on certiorari, though all writs for review are now called appeals by the act of 1889. Chase v. Miller, 41 Pa. 403. And on the certiorari the regularity of the record is alone considered. Com. ex rel. Witman v. Ramsay, 166 Pa. 642, 31 Atl. 345; Mitton's Appeal, 2 Pennyp. 380; Election Cases, 65 Pa. 20.

determined by the court of quarter sessions of the peace of the county in which the election contested shall be held.

This act was construed in Carpenter's Case, 11 W. N. C. 162, which held that the act makes the determination of the quarter sessions in contested elections final.

No bill of exceptions is given to its decisions, nor appeal allowed; and its decisions are final. Consequently, this court has no jurisdiction over the subject.

An appeal exists only where it is given by statute. Mauch Chunk v. Nescopeck, 21 Pa. 49.

If this case by any possibility can be held to be a common-law certiorari then the record could only be examined to see if the court below had jurisdiction and the proceedings were regular. Carpenter's Case, 11 W. N. C. 162.

In a contested election case this court has jurisdiction on certiorari, where it appears from the record that there were no facts in dispute, to examine the regularity of the proceedings and see if the court below had jurisdiction, but not to examine the merits of the case; that belongs exclusively to the court below. Pearson, Pr. Supreme Court, Pa. § 177, p. 68.

By the former acts of July 2, 1839, and February 3, 1854, the court is to "proceed upon the merits of the complaint, and determine finally concerning the same, according to the laws of this commonwealth."

That under these acts the merits belong exclusively to the court below, and cannot be reviewed in this court, was settled in Carpenter's Case, 14 Pa. 486.

This court quashed the certiorari, saying: "Having no appellate jurisdiction it would not be respectful or proper to express an extra-judicial opinion on the regularity of the proceedings."

In like manner this court quashed the certiorari in Ewing v. Filley, 43 Pa. 384, saying: "Our duty in this case is a very restricted one; for, as is admitted, we cannot retry the case on the evidence, but can only consider whether it was tried before a competent authority and in proper form."

What the certiorari brings up is equally clear. It is very plainly stated in Chase v. Miller, 41 Pa. 412, thus: "The errors to be reviewed shall appear on the record. This is necessary to all appellate jurisdiction, where cases come up by writs of error or certiorari. The only mode provided by law for bringing evidence, or the opinion of an inferior court, upon what is technically called the 'record' is by a bill of exceptions, sealed

and certified by the judge; and as bills of exception are not allowed in the quarter sessions, no question which arises out of the evidence in that court, can be got up into this court." See also Election Cases, 65 Pa. 20.

The statute of Westminster 2 gives a bill of exceptions only in a trial according to the course of the common law. Union Canal Co. v. Keiser, 19 Pa. 137.

The reason a certiorari to the quarter sessions does not bring up the evidence like a writ of error is because no statute has allowed bills of exception in the quarter sessions. The record in both cases is removed—in one, with the evidence added by virtue of an act of assembly—in the other, without the evidence because the law has provided no mode for placing it on the record. Mauch Chunk v. Nescopeck, 21 Pa. 49; Bradford Twp. v. Goshen Twp. 57 Pa. 495.

That neither the testimony nor the opinion of the court is brought up with the record by a certiorari has been reiterated over and over again. Derry v. Brown, 13 Pa. 389; Bradford Twp. v. Goshen Twp. 57 Pa. 495; Election Cases, 65 Pa. 20; Union Canal Co. v. Keiser, 19 Pa. 134; and Mauch Chunk v. Nescopeck, 21 Pa. 49; Kirk's Appeal, 28 Pa. 185; Re Spring Garden Road, 43 Pa. 144; Com. v. Gurley, 45 Pa. 392; Pennsylvania R. Co. v. German Lutheran Congregation, 53 Pa. 445; Re Church Street, 54 Pa. 353; Oakland R. Co. v. Keenan, 56 Pa. 198; Plunkett's Creek Twp. v. Fairfield Twp. 58 Pa. 209; Carpenter's Appeal, 11 W. N. C. 162; Peet v. Pittsburgh, 96 Pa. 218; Re Kensington & O. Turnp. Co. 97 Pa. 277; Re Germantown Ave. 99 Pa. 480; Re Weaver, 116 Pa. 225, 9 Atl. 323.

It is only where an appeal is given by the act of assembly that the parties are entitled to be heard upon the merits. Esling's Appeal, 89 Pa. 209.

There was no motion made to dismiss or quash the petition filed in this case. If there had been, and it was refused, every presumption is to be made in favor of the proceedings of the court below. Election Cases, 65 Pa. 20; Re Mathew, 92 Pa. 138.

As said by Chief Justice SHARSWOOD in Carpenter's Appeal, 11 W. N. C. 163: "It is to be hoped that some time or other parties will leave off bringing such cases into this court, with the idea that they may get the proceedings reversed on the merits." See also Re Kensington & O. Turnp. Co. 97 Pa. 269.

PER CURIAM:

As the act of assembly authorizes no appeal in cases like that in hand we have no power to review the facts presented to us; and as there is no irregularity apparent on the record we cannot reverse the proceedings on the certiorari.

Appeal quashed and judgment of the Quarter Sessions affirmed.